## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEREK WILLIAM MILLER, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) |
| PHILIP MORGAN, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

Civil Action No. 12-1115-GMS

Derek William Miller. *Pro se* petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

## MEMORANDUM OPINION

_March 19_, 2014

Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 ("petition") filed by petitioner Derek William Miller ("Miller"). (D.I. 3)  The

State has filed motion to dismiss the application as time-barred by the one-year limitations period

prescribed in 28 U.S.C. § 2244.  (D.I. 17)  For the reasons that follow, the court will grant the

State's motion to dismiss Miller's application.

## I.    PROCEDURAL BACKGROUND

On November 27, 2006, Miller was indicted on four counts of first degree rape, one count

of continuous sexual abuse of a child, and one count of first degree unlawful sexual contact.

(D.I. 17 at 24)  On August 2, 2007, Miller pled guilty to one count of continuous sexual abuse of

a child.  *Id.* at 1.  As part of the plea agreement, the State entered a *nolle prosequi* on the

remaining charges and requested a presentence investigation.  Prior to sentencing, defense

counsel filed a motion to withdraw as counsel and a motion to withdraw the guilty plea.  The

trial judge granted counsel's motion to withdraw, denied the motion to withdraw the guilty plea

without prejudice, and granted the motion to appoint new counsel.  New counsel was appointed

and given leave to file a motion to withdraw the guilty plea, if a principled reason existed to do

so.  Finding no such reason, new trial counsel did not file a motion and sentencing proceeded on

January 22, 2008. The Superior Court sentenced Miller to fifteen years of incarceration at Level

V, followed by decreasing levels of probation.  Miller did not appeal his conviction or sentence

to the Delaware Supreme Court.  *Id.* at 1-2.

Miller filed his first motion for post-conviction relief pursuant to Delaware Superior

Court Criminal Rule 61 ("Rule 61 motion") on January 30, 2008. *See State v. Miller*, 2009 WL

1

2851834 (Del. Super. Ct. June 26, 2009). The Superior Court denied the Rule 61 motion on June

26, 2009. *Id.* Miller filed a post-conviction appeal, which the Delaware Supreme Court denied

as untimely on August 27, 2009. *See Miller v. State*, 979 A.2d 1111 (Table), 2009 WL 2622166

(Del. Aug. 27, 2009).

Miller filed his second Rule 61 motion on January 26, 2012, which the Superior Court

summarily dismissed on May 10, 2012 as barred under Rule 61(i)(2) and(4). *See State v. Miller*,

2012 WL 2564132 (Del. Super. Ct. May 10, 2012). The Delaware Supreme Court affirmed that

judgment on August 9, 2102. *See Miller v. State*, 53 A.3d 302 (Table), 2012 WL 3249555 (Del.

Aug. 9, 2012).

Miller filed the instant habeas petition in September 2012, alleging two ineffective

assistance of counsel claims, one claim that his conviction should be reversed for "plain error,"

and one claim that the DNA evidence was inconclusive.

## II.    DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date

must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320,

336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions

by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or
> the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in
> violation of the Constitution or laws of the United States is removed, if the applicant was
> prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Miller's petition, filed in 2012, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Miller does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when Miller's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. In this case, the Superior Court sentenced Miller on January 22, 2008, and he did not file a direct appeal. Consequently, Miller's convictions became final for the purposes of § 2244(d)(1) on February 21, 2008. Accordingly, to comply with the one-year limitations period, Miller had to file his § 2254 petition by February 20, 2009.[1] *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Miller did not file his habeas petition until August 30, 2012[2] more than three and one-half years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v.*

---

[1]Because 2008 was a leap year, AEDPA's one-year period ended on February 20, 2009.
[2]Pursuant to the prisoner mailbox rule, the court adopts the date on the petition, August 30, 2012, as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

3

*Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). A properly filed state post-conviction motion also tolls the limitations period through the post-conviction appeal period, even if no appeal is taken.[3] *See Swartz*, 204 F.3d at 420-24. A prisoner's state post-conviction relief application that is rejected by a state court for being untimely is not "properly filed" for statutory tolling purposes. *See Allen v. Siebert*, 552 U.S. 3, 7 (2007).

In this case, Miller filed his first Rule 61 motion on January 30, 2008, and the Superior Court denied the motion on June 26, 2009. Miller appealed that decision, but the Delaware Supreme Court denied the post-conviction appeal as untimely. Thus, the Rule 61 motion only tolls the limitations from January 30, 2008 through July 26, 2009, which includes the thirty-day period Miller had to appeal the Superior Court's decision.

When Miller filed his Rule 61 motion on January 30, 2008, his judgment of conviction was not yet final. As a result, when the limitations clock started to run on July 27, 2009, Miller had one full year to timely file his habeas petition. The limitations clock started to run on July 27, 2009 and ran without interruption until it expired on July 27, 2010. Thus, Miller's second

---

[3]However, the "time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Rule 61 motion, filed on January 26, 2012, has no statutory tolling effect. Accordingly, the instant petition must be dismissed as time-barred, unless equitable tolling applies.

## C. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton,* 195 F.3d153, 159 (3d Cir. 1999)*; Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Miller alleges that the limitations period should be equitably tolled because he is actually innocent and the first attorney who represented him during the plea process provided ineffective assistance. Miller contends that his actual innocence is demonstrated by the fact that the DNA evidence that was found the blanket where the alleged sexual assault occurred consisted of his DNA and DNA from an unknown person. He also contends that his first counsel was ineffective because: (1) counsel never spoke to any witnesses who would have proved that Miller was not even in the state on the relevant dates; (2) counsel never investigated his case; and

5

(3) counsel withdrew from the case when Miller attempted to withdraw his guilty plea. Neither of these arguments triggers equitable tolling.

To begin, the court notes that neither the Supreme Court nor the Third Circuit have determined whether a credible claim of actual innocence can equitably toll AEDPA's limitations period. *See, e.g., Teagle v. Diguglielmo,* 336 F. App'x 209, 212-13 (3d Cir. 2009)(non-precedential); *McKeever v. Warden SCI-Graterford,* 486 F.3d 81, 84 n.5 (3d Cir. 2007). Nevertheless, even if a petitioner's actual innocence could warrant equitable tolling, Miller would have to demonstrate (a) "new reliable evidence" that was previously unavailable and establishes that it is more likely than not that no reasonable juror would have convicted him, and (b) that he exercised reasonable diligence in bringing his claim. *See Schlup v. Delo*, 513 U.S. 298, 324, 327-28 (1995); *Teagle,* 336 F. App'x. at 212-13; *Reed v. Harlow*, 2011 WL 4914869 at *2 n.2 (3d Cir. Oct. 17, 2011)(non-precedential). Here, it appears that Miller knew when he entered his plea that there was "DNA evidence" from an unknown person on the blanket and that counsel allegedly had failed to interview the unidentified witnesses he asserts would have provided an alibi. As such, this "evidence" does not constitute "new reliable evidence" that was unavailable when he entered the plea. Although Miller's claim of ineffective assistance with respect to his first counsel could be viewed as attempting to explain why this "evidence" was not available to him when he entered his plea, Miller ignores the fact that the second attorney who represented him after first counsel's withdrawal was given an opportunity to file a motion to withdraw Miller's guilty plea if second counsel determined there was a principled reason to do so. Second counsel, however, did not file a motion to withdraw Miller's guilty plea, indicating that second counsel found no reason to do so. Given these circumstances, Miller's unsupported statements do not constitute "new reliable evidence" of his actual innocence.

6

In addition, the court concludes equitable tolling is not available on the ground of actual innocence because Miller has failed to demonstrate that he exercised reasonable diligence in pursuing his actual innocence claim. Miller did not file a direct appeal from his conviction. Moreover, even though he filed a timely first Rule 61 motion, he waited more than two years after the denial of his post-conviction appeal to file his second Rule 61 motion. Given this delay, the court cannot conclude that Miller exercised the "reasonable diligence" necessary for equitable tolling to apply.

To the extent Miller asserts ineffective assistance of first counsel as an independent ground for equitable tolling, rather than as providing a reason for his failure to assert his new reliable evidence at an earlier time, it is still unavailing. The Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes. *See Holland*, 130 S.Ct. at 2555-2565. An "egregious error" includes instances where an attorney fails to file an appeal after an explicit request from the petitioner,[5] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004). However, in order for a petitioner to "obtain relief [through equitable tolling], there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal [application]." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013). In this case, the trial court appointed new counsel to represent Miller immediately after the withdrawal of first counsel. Second counsel was appointed in December 2007, and Miller did not file the instant petition until 2012. The court sees no reason for finding that first counsel's alleged ineffective assistance in 2007 prevented Miller from filing his habeas petition well-before 2012, especially

---

[5]*See Velazquez v. Grace*, 277 F. App'x 258 (3d Cir. 2008).

7

when another attorney represented him for a portion of the interim time-period.  In other words, there was no causal connection between first counsel's alleged ineffective assistance and Miller's failure to file the instant petition in a timely manner.

Finally, to the extent Miller simply miscalculated AEDPA's filing deadline, it is well settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse a prompt and timely filing. *See Jones,* 195 F.3d at 160; *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes).

For all of these reasons, the court concludes that equitable tolling is not available on the grounds set forth by Miller.  Accordingly, the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

8

The court has concluded that Miller's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV.    CONCLUSION

For the reasons discussed, the court will grant the State's motion to dismiss as time-barred Miller's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 17)

An appropriate order will be entered.

9